UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALICIA G. ATIENZA, et al.,<br><br>　　　Plaintiffs,<br><br>　vs.<br><br>AMERICAN BROKERS CONDUIT, et al.,<br><br>　　　Defendants. | Case No: C 11-3152 SBA<br><br>**ORDER DISMISSING ACTION** |

　　The parties are presently before the Court on Defendant American Home Mortgage Servicing and Mortgage Electronic Registration System, Inc.'s motion to dismiss. Dkt. 9. The motion was previously noticed for hearing on January 31, 2012. Dkt. 21. Under Local Rule 7-3, any opposition or statement of non-opposition was due no later than two weeks after the motion was filed. Since the motion was filed on September 13, 2011, Plaintiffs' opposition was due by September 27, 2011. To date, however, no response to the motion has been filed.

　　Although it could have granted the motion to dismiss based on Plaintiffs' failure to file any opposition, the Court, in consideration of less drastic alternatives to dismissal, sua sponte continued the hearing on the motion to March 6, 2012, and granted Plaintiffs until January 25, 2012, to file a response. The Court warned Plaintiffs that the failure to file an opposition or statement of non-opposition by that date would result in the dismissal of the action. 1/12/12 Order at 2, Dkt. 15. To date, Plaintiffs, in direct contravention of the Court's Local Rules, Standing Orders and Orders of the Court, have filed neither an opposition nor statement of non-opposition to the motion to dismiss.

## I. DISCUSSION

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet 963 F.2d 1258, 1260 (9th Cir. 1992). As such, the failure to file an opposition to a motion to dismiss in the manner prescribed by the Court's Local Rules is grounds for dismissal. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal. With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This is particularly true in the instant case, where Plaintiffs have impeded the Court's ability to move this case forward by failing to respond to Defendants' motion and failing to comply with the requirements of the Court's scheduling orders.

The second factor also militates in favor of dismissal. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at, 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Plaintiffs have offered no explanation for their failure to

- 2 -

respond nor is any apparent from the record. Indeed, Plaintiffs have had over four months to prepare their opposition. These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal. As noted, the Court repeatedly warned Plaintiffs that the failure to respond to the pending motion would be grounds for dismissal under Rule 41(b) for failure to prosecute. In addition, the Court sua sponte afforded Plaintiffs a second opportunity to file an opposition (or statement of non-opposition), and again warned them that the failure to respond would result in the dismissal of the action. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

## II. CONCLUSION

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing the action in its entirety. Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).[1] Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT PREJUDICE, pursuant to Federal Rule of Civil Procedure 41(b). The Clerk shall close the file and terminate all pending matters and deadlines. The hearing and case management conference scheduled for March 6, 2012 are VACATED.

IT IS SO ORDERED.

Dated: February 2, 2012

                                                SAUNDRA BROWN ARMSTRONG
                                                United States District Judge

---

[1] Although Alliance Title Company (which is now defunct) did not join in Defendants' motion, the Court notes that the relevant considerations under Rule 41(b), as set forth above, apply to the entirety of the action.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ALICIA G ATIENZA et al,

        Plaintiff,

  v.

AMERICAN BROKERS et al,

        Defendant.
                                          /

Case Number: CV11-03152 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 2, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alicia G. Atienza
136 Saint Francis Bouldvard
San Francisco, CA 94127

Clodualdo A. Atienza
136 Saint Francis Bouldvard
San Francisco, CA 94127

Dated: February 2, 2012
                                      Richard W. Wieking, Clerk
                                            By: LISA R CLARK, Deputy Clerk